# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2026

Thomas B. Plunkett, III
Clerk

No. 26-60524

In re Abbas Lameei Ramandi,

*Petitioner*.

Petition for Writ of Mandamus to the
United States District Court
for the Southern District of Mississippi
USDC No. 5:26-CV-99

UNPUBLISHED ORDER

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:

Abbas Lameei Ramandi, immigration detainee # A249 385 405, has filed in this court a pro se petition for a writ of mandamus and a motion requesting leave to file his mandamus petition in forma pauperis (IFP). The motion for leave to proceed IFP is GRANTED.

In February 2026, Ramandi filed a 28 U.S.C. § 2241 habeas petition complaining of his immigration detention. He filed an amended § 2241 petition in March 2026. In both filings, Ramandi asserted that he had been taken into immigration custody on August 4, 2024, that he had been detained beyond the period authorized by statute, that immigration authorities were unlikely to remove him from the United States in the near future, and that his due process rights were violated by his prolonged detention. He sought

his immediate release from custody. The Government filed a responsive pleading on April 27, 2026, opposing Ramandi's petition. Ramandi filed a reply that was docketed in the district court on May 14, 2026, and a pleading requesting a prompt ruling that was docketed on June 22, 2026.

In his mandamus petition, received on June 29, 2026, Ramandi complains of delay in adjudicating his § 2241 petition. He argues that the matter is fully briefed and that further delay is unwarranted. He asks that we order the district court to promptly issue a ruling.

"Mandamus is an extraordinary remedy that should be granted only in the clearest and most compelling cases." *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987). A party seeking mandamus relief must show both that he has no other adequate means to obtain the requested relief and that he has a "clear and indisputable" right to the writ. *Id.* (internal quotation marks and citation omitted). Mandamus is a possible remedy when the district court has unduly delayed in ruling on a case. *See Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661-62 (1978).

Here, a copy of Ramandi's mandamus petition, along with a letter from this court's Clerk's Office acknowledging the docketing of the mandamus petition, was filed in the district court on the habeas docket. We are confident that the matter will be decided in due course, without need for the extraordinary remedy of mandamus.

Accordingly, the petition for a writ of mandamus is DENIED, without prejudice to Ramandi reinstating it if the district court has not ruled on his habeas petition within 120 days of the date of this order. Ramandi's motion for an expedited ruling is DENIED.

UNITED STATES COURT OF APPEALS FIFTH CIRCUIT

**Certified as a true copy and issued as the mandate on Oct 26, 2026**

**Attest:**

**Clerk, U.S. Court of Appeals, Fifth Circuit**